■ In the Matter of David M. McCormack, Individually and as President of the Uniformed Fire Officers Association, Local 854, International Association of Fire Fighters, AFL-CIO, et al., Respondents, v Robert O. Lowery, Individually and as Fire Commissioner of the City of New York, Appellant.—Judgment, Supreme Court, New York County, entered on August 7, 1973, affirmed on the opinion of Helman, J., at Special Term, without costs and without disbursements. Concur—Murphy, J. P., Lupiano, Capozzoli and Yesawich, JJ.; Nunez, J., dissents in the following memorandum: I would reverse and dismiss the petition. In my view the legislative requirement of a two-platoon system of 9-and 15-hour shifts will be preserved under the Fire Commissioner's proposed concurrent tour system. They will continue to enjoy the long off-duty periods. The two-platoon system was enacted into law to give the individual firemen needed relief from a continuous duty schedule. Special Term was in error in labeling the proposed system a three-platoon system. The Commissioner's proposal provides all firemen with the identical patern of on- and off-duty hours that was at issue in their successful attempt to obtain the two-platoon system. Special Term recognized the need to concentrate selected personnel during certain hours of the day. For example, the record establishes that during spring and summer the fire department receives 10 times as many alarms between 8:00 and 9:00 P.M. as are received between 8:00 and 9:00 A.M. It clearly appears that in recent years there has been a substantial increase in the number of fire alarms. This increase has been concentrated in particular areas of the city and, as shown above, during certain hours of the day. It is such dramatic disparity in the demand for service that led the Fire Commissioner to propose the concurrent two-platoon system. Equal numbers of men on duty regardless of the disparity in need is not mandated by law. The

laudable purpose of the proposed concurrent two-platoon system is to put more men on duty at times of peak demand and the department should be permitted to so deploy the personnel. Petitioners' insistence that there be the same number of men on duty at all times regardless of need is not reasonable. The New York City Charter gives the Fire Commissioner "sole and exclusive power" over the "government, discipline, management, maintenance and direction of the fire department" (New York City Charter, § 487, subd a; §§ 481, 1102). I can find no justification for our interference with the prerogatives of the expert and the official charged with the responsibility of deploying the firemen as needed—the Fire Commissioner.